UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LAWRENCE JAY WALTERS, Personal Representative of the Estate of Lawrence Joseph Walters, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v.                                                ) | CASE NO. |
| ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant.  ) | |

## COMPLAINT

Plaintiff, Lawrence Jay Walters, Personal Representative of the Estate of Lawrence Joseph Walters, Deceased, by counsel, Daniel B. Vinovich of Hilbrich Cunningham Dobosz Vinovich & Sandoval, LLP, states for his cause of action against Defendant, United States of America, as follows:

### Introduction

1. This is a medical negligence wrongful death claim brought by Plaintiff, Lawrence Jay Walters, Personal Representative of the Estate of Lawrence Joseph Walters, Deceased, regarding the healthcare of Lawrence Joseph Walters on September 8, 2016 at Northshore Health Centers, Inc., 2490 Central Avenue, Lake Station, Indiana, by employee Fernando Rivera, M.D.

2. This case is brought against Defendant, United States of America, (hereinafter "USA"), pursuant to, *inter alia*, the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. §§ 2671 *et seq.*

## The Parties

3. Plaintiff, Lawrence Jay Walters, was duly appointed Personal Representative of the Estate of Lawrence Joseph Walters, deceased, on May 11, 2017.

4. Plaintiff, Lawrence Jay Walters, is also the son of, only dependent next of kin, and heir of the deceased Lawrence Joseph Walters.

5. Plaintiff's father, Lawrence Joseph Walters, as of the date of incident September 8, 2016 was a 56 year old male residing in Gary, Indiana.

6. On September 8, 2016, Plaintiff's father, Lawrence Joseph Walters, sought medical treatment and healthcare at Northshore Health Centers, Inc., 2480 Central Avenue, Lake Station, Indiana, by its staff and employees, including Fernando Rivera, M.D.

7. Fernando Rivera, M.D. (hereinafter "Dr. Rivera") provided healthcare to Lawrence Joseph Walters on September 8, 2016 as a physician in Lake Station, Indiana.

8. Dr. Rivera, while treating Lawrence Joseph Walters, was an employee and/or agent of Northshore Health Centers, 2490 Central Avenue, Lake Station, Indiana 46405 (hereinafter "Northshore"), a not for profit corporation organized and existing under the laws of the State of Indiana which received federal funding and/or grant money from the United States Public Health Service pursuant to the Federal Supported Health Centers Assistance Act (hereinafter "FSHCAA") for purposes of the FTCA.

9. Dr. Rivera was deemed by the United States Department of Health and Human Services (hereinafter "HHS") pursuant to the FTCA to have been a federal employee at the times he treated Lawrence Joseph Walters due to his status as an employee and/or agent of Northshore.

10. Defendant USA is a sovereign nation, but is subject to this suit and is properly named as a Defendant in this case under the FTCA for the negligence of Dr. Rivera during his treatment of Lawrence Joseph Walters and during his employment and/or agency with Northshore.

## Jurisdiction and Venue

11. This case is brought pursuant to the FTCA.

12. Plaintiff is a resident of Lake County, Indiana, which is located within the Northern District of Indiana, Hammond Division.

13. The healthcare at issue in this case occurred in Lake County, Indiana, by Dr. Rivera and the staff at Northshore.

14. Jurisdiction is predicated upon 28 U.S.C. § 1346(b). An administration claim (SF 95) was presented on or about May 17, 2017 and left without action by the agency for six months, permitting suit to be filed without final action on the claim pursuant to 28 U.S.C. § 2675.

15. Venue is proper pursuant to 28 U.S.C. § 1402(b) and 28 U.S.C. § 1391.

## Count I

## Medical Negligence Against Defendant United States of America

16. At all relevant times, including but not limited to September 8, 2016 while providing healthcare to Lawrence Joseph Walters, Dr. Rivera was an employee and/or agent of Northshore and by operation of law a federal employee of Defendant USA and working within the course and scope of his employment and agency with Defendant USA.

17. Lawrence Joseph Walters was a patient of Dr. Rivera, Northshore and Defendant USA on September 8, 2016.

18. While Lawrence Joseph Walters was a patient of Dr. Rivera, Northshore and Defendant USA on September 8, 2016:

    (a) the patient Lawrence Joseph Walters presented with severe depression and suicidal ideation per a completed Patient Health Questionnaire (a PHQ-9 depression scale);

    (b) Lawrence Joseph Walters and his significant other, Ruby V. Russell, expressed concern about his attempted suicide several days beforehand and were seeking help and treatment for him;

    (c) they told Dr. Rivera that Lawrence had been taking Chantix for several months, was not the same person, was not sleeping, had bad dreams, and became severely depressed;

    (d) Dr. Rivera did not ask any questions about it, had an assistant give Lawrence a form to fill out and left the room;

    (e) Lawrence and Ruby wanted help and treatment on September 8 but did not receive any;

    (f) Dr. Rivera did not provide any recommendations for medicine, including stopping Chantix, or recommend any treatment or hospitalization to take place on September 8;

    (g) Lawrence was provided an appointment to a mental health provider but not until four (4) days later for September 12, 2016;

    (h) Lawrence and Ruby left the appointment at Northshore Health Center on September 8, 2016 crying;

    (i)    Lawrence and Ruby were on their way to the appointment with the mental health provider on September 12, 2016 when Lawrence committed suicide;

    (j)    Ruby feels that Dr. Rivera disregarded and ignored their concerns over Lawrence's mental health issues; and

    (k)    After Lawrence took his own life, Ruby went to Northshore Health Center to speak with Dr. Rivera because she felt he let them down, but was not permitted to see him.

19.    Defendant USA by and through Dr. Rivera and Northshore owed a standard of care and breached the applicable standard of care in providing healthcare to Lawrence Joseph Walters on September 8, 2016 in on or more of the following ways:

    (a)    Failed to provide immediate initiation of pharmacotherapy;

    (b)    Failed to provide expedited referral to a mental health specialist;

    (c)    Failed to admit to, or if not agreeable, seek involuntary commitment to a hospital, mental health or other qualified facility;

    (d)    Failed to recommend immediate discontinuation of the medication Chantix; and

    (e)    Failed to otherwise comply with the appropriate standard of care.

20.    The breaches from the standard of care by Defendant USA, by and through Dr. Rivera and Northshore, on September 8, 2016 proximately caused the wrongful death of Lawrence Joseph Walters and resulting damages to Plaintiff.

21.    As a direct and proximate result of Defendant USA's negligence and breaches of the standard of care, by and through Dr. Rivera and Northshore, Lawrence Joseph Walters committed

suicide on September 12, 2016 and Plaintiff sustained substantial damages, including but not limited to: loss of love, care, affection, loss of income support, and services, funeral and burial expenses, costs of estate administration, attorney fees, and all other damages permitted by law.

22. Pursuant to the doctrine of *respondeat superior*, agency principles, and the FTCA, Defendant USA is responsible and liable for all injuries and damages proximately caused by the deviations from the standard of care and negligence committed by Dr. Rivera and Northshore Health Centers, Inc.'s employees and staff during the treatment and healthcare of Lawrence Joseph Walters.

23. Defendant USA is liable to Plaintiff pursuant to 28 U.S.C. § 1346(b)(1), the Indiana Wrongful Death Act (I.C. 34-23-1-1), and the Indiana Medical Malpractice Act (I.C. 34-18-14-3).

WHEREFORE, Plaintiff, Lawrence Jay Walters, Personal Representative of the Estate of Lawrence Joseph Walters, Deceased, respectfully requests that judgment be entered in his favor and against Defendant, United States of America, in the amount of one million two hundred fifty thousand dollars ($1,250,000.00), plus costs, interest, and all other just and proper relief at law or in equity that this Court may deem proper.

Respectfully submitted,

Daniel B. Vinovich, Esq.
Hilbrich Cunningham Dobosz
Vinovich & Sandoval, LLP
*Attorneys for Plaintiff*
2637 - 45th Street
Highland, Indiana 46322
Phone: (219) 924-2427
Facsimile: (219) 924-2481
Email: dbv@hilbrich.com

6