**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| LAWRENCE JAY WALTERS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO. 2:18-CV-37-JEM |
| UNITED STATES OF AMERICA,<br>    Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Bar Damage Claim of Lawrence Jack Walters [DE 32], filed July 29, 2019. Defendant seeks to bar a damage claim that Plaintiff revealed on the day before the close of discovery. Plaintiff filed a response on August 12, 2019, and Defendant filed a reply on August 23, 2019.

**I.    Background**

This is a wrongful death action arising from the death of Lawrence Joseph Walters. Plaintiff Lawrence Jay Walters, the son of the deceased and the representative of his estate, alleges negligence by a medical clinic that treated his father before his death. Plaintiff alleges that Defendant United States is liable to him under the "Indiana Wrongful Death Act (I.C. 34-23-1-1)," among other claims. First Amended Complaint [DE 20], ¶ 23. Under Indiana Code 34-23-1-1, also known as the General Wrongful Death Statute ("GWDS"), a decedent's personal representative can recover medical, funeral and other expenses. *See* Ind. Code 34-23-1-1. Indiana courts have held that the statute also permits certain dependent family members to recover for loss of love and affection. *See*, *e.g*, *Terry v. Stephens*, 921 N.E.2d 516, 520 (Ind. Ct. App. 2010) (holding that "once dependent status is established, the statute would permit recovery for both loss of services and loss of love, care, and affection").

The parties attempted mediation on June 26, 2019, two days before the close of discovery. According to Plaintiff, at the mediation, Defendant indicated its position that Lawrence Jay Walters, the son, would not be found to be "dependent" for purposes of the GWDS, significantly lowering Defendant's damage estimates. Plaintiff states that this was when he was "first put on notice that additional beneficiaries . . . may be necessary in order to resolve" the case. The next day, June 27, 2019, Plaintiff produced supplemental written discovery, identifying Lawrence Jack Walters, the father of the deceased, as a "potential beneficiary." The Adult Wrongful Death Statue ("AWDS"), an Indiana statute not cited in the complaint, permits the estate to seek damages for the "[l]oss of the adult person's love and companionship" suffered by a non-dependent parent of the deceased. *See* Ind. Code 34-23-1-2. Defendant now seeks to bar Plaintiff from claiming damages on behalf of the decedent's father, Lawrence Jack Walters, under the AWDS.

**II.     Analysis**

Federal Rule of Civil Procedure 26 requires that a party's initial disclosures identify all individuals likely to have discoverable information the party may use to support its claims, and include "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(i),(iii). If the party "learns" that its disclosures are incomplete, it must supplement them "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). If the disclosures do not comply with Rule 26(a) or 26(e), "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court has broad discretion in determining whether a violation is justified or harmless, but should consider the following factors: (1) prejudice or surprise to the non-disclosing party; (2) the ability of the disclosing party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Uncommon, LLC*

*v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019) (citations omitted).

Defendant would be prejudiced by the introduction of a new witness and a new theory of recovery during the last days of discovery. Plaintiff states that Defendant should not be surprised by the new claim, because he learned of the existence of the decedent's father early in discovery. But until Plaintiff's last-minute disclosures, Defendant had no reason to pursue discovery relating to the relationship between the decedent and his father, because Plaintiff did not list the father as a witness who could support his claims, include his name in damage estimates, or state the AWDS as a basis for relief in his complaint. To sustain his proposed AWDS claim, Plaintiff would have to establish a "genuine, substantial, and ongoing relationship" between the decedent and his father. *See* Ind. Code 34-23-1-2(f). The parties would be entitled to discovery on this topic, as well as the value of the decedent's "love and companionship" to his father. This would require more written discovery and additional depositions, including re-depositions of family members.

Plaintiff argues that a more appropriate sanction would be for him to pay the cost of a court reporter for any witness Defendant sought to re-depose. That would cover some, though not all, of the additional expense that Defendant would incur. Plaintiff also argues that there is no disruption to the trial because no trial date has been set. While technically true, that is because the Court postponed setting a trial date so the instant motion could be resolved, at Plaintiff's request during the August 1, 2019 status hearing in this matter. "Just because a matter has not been set for trial does not mean that a party has not been harmed by the opposition's failure to comply with the discovery rules." *In re Eisaman*, 503 B.R. 95, 98 (Bankr. N.D. Ind. 2013).

Plaintiff's failure to properly disclose the claim appears to have been willful rather than inadvertent, which weighs against permitting it. Plaintiff writes in his response that "the need to include the decedent's father . . . had been overlooked and appeared moot" because he assumed the

3

original claim, by the decedent's son, was valuable enough on its own to reach the $300,000 statutory aggregate maximum on damages for loss of love and affection. Resp. to Mot. to Bar [DE 34] at 8. He involved the father only because Defendant's mediation offer was less than he was expecting. After the mediation, Plaintiff "reevaluated," and concluded that it "may be necessary" to add the father's claim. *Id.* at 8, 11. The day after the mediation, with one day left for discovery, counsel sought the father's contact information for the first time, spoke to him for the first time, and at that point "ascertained" that he may qualify as a beneficiary. *Id.* The rules do not permit new claims at the close of discovery because a party "reevaluated" his case strategy, or because he thought the opposition would make a better settlement offer. Under those circumstances, the Court cannot find that Plaintiff's supplemental disclosures under Rule 26 were "timely," Fed. R. Civ. P. 26(e)(1)(A), or that Plaintiff's violation was substantially justified or harmless.

### III.	Conclusion

For the reasons described above, the Court hereby **GRANTS** Defendant's Motion to Bar Damage Claim of Lawrence Jack Walters [DE 32] and **ORDERS** that Plaintiff is precluded from asserting any claim on behalf of Lawrence Jack Walters. A status conference to discuss future deadlines will be set by separate order.

SO ORDERED this 3rd day of September, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:	All counsel of record