UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LAWRENCE JAY WALTERS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 2:18-CV-37-JEM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Exclude Opinion Testimony of Robert J. Reynolds [DE 43], filed on October 22, 2019. Plaintiff seeks to exclude the testimony of Defendant's expert witness. Defendant filed a response on November 12, 2019. Plaintiff did not file a reply.

**I.    Background**

Plaintiff Lawrence Jay Walters filed his Complaint on January 29, 2018, alleging negligence by a medical clinic that treated his father, Lawrence Joseph Walters, before the father's death. Defendant United States designated Dr. Robert J. Reynolds as an expert witness. Dr. Reynolds prepared a report estimating that the life expectancy of Lawrence Joseph Walters at the time of his death was 13 additional years. In brief, he arrived at the 13-year total by looking at an estimated life expectancy for all men of Walters's age at the time he died, 24.2 years, and subtracting from that total to account for various illnesses and "comorbidities" that would have reduced his life expectancy. Plaintiff seeks to have Dr. Reynolds's testimony excluded from presentation at trial, currently set for February 3, 2020.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Analysis**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the standards set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Rule 702 provides that courts should admit expert testimony if

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Court may also consider whether the expert's theory has been tested and subjected to peer review and publication, the potential error rate of the method at issue, and whether the theory is generally accepted in the scientific community. *Daubert*, 509 U.S. at 593-95.

Plaintiff first argues that Dr. Reynolds's testimony should be excluded because more recent and specific life expectancy tables were available. Dr. Reynolds's report uses a 2013 table issued by the National Center for Health Statistics for men of Walters's age, producing an initial estimate of 24.2 remaining years of life. Plaintiff argues that Dr. Reynolds should have used a table from 2014, published by the same source, which accounts only for the life expectancy of white males[1], and which would have produced an initial estimate of 24.9 years. *See* Motion to Exclude, Ex. 1 [DE 43-1]. Although the more recent table would have produced a different result, and could be a basis for cross-examination, this alone does not show that the doctor's opinion is not based on "sufficient facts or data," or that it is not the product of reliable methods or principles. Fed. R. Evid. 702. These

---

[1] Defendant does not address the implicit assumption that Plaintiff is "white" for purposes in the 2014 life expectancy table. Therefore, the Court assumes that the 2014 table, applying to "white males," would apply to Plaintiff.

"factual underpinnings of expert testimony" should generally be evaluated by the trier of fact. *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000); *see also Walker v. Soo Line R. Co.*, 208 F.3d 581, 586–87 (7th Cir. 2000) (citing *Daubert*, 509 U.S. at 596) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence").

Plaintiff also argues that Dr. Reynolds failed to adequately explain his methodology and how he arrived at his life expectancy estimate for Walters. In his report, Dr. Reynolds discussed Walters's various illnesses based on a review of his medical records, adjusted the life expectancy estimate based on each illness, and explained the reasoning for each reduction. Dr. Reynolds based the reductions on a 2009 study that "provides a model of mortality for patients with COPD that adjusts for obesity, smoking, and common comorbidities." Motion to Exclude, Ex. 2 at 15 [DE 43-1]. He noted that Walters had been diagnosed with COPD and assumed that he had at least Stage 1 ("mild") COPD because he was treated with a nebulizer and inhalers and had "several incidents" of fractured ribs from coughing fits. *Id*. Based on the formula in the 2009 COPD study, he subtracted 6 years from the initial estimate because of Walters's diabetes, 4 years for smoking, and 3 years for depression, but made an upward adjustment based on his moderate obesity. *Id.* at 15-17. Dr. Reynolds cited to several studies and publications that endorse the method of estimating life expectancy by starting from a standard "life table" and adjusting the estimate based on an individual's health conditions. *See id.* at 14, 26; *see also* Declaration of Robert J. Reynolds at 3-6 [DE 47-1] (discussing the basis for the methodology). The Court finds that Dr. Reynolds adequately explained his method and that it is sufficiently supported within the scientific community.

Plaintiff points to various reasons why he believes Dr. Reynolds's application of the method

3

to this case is particularly unreliable. Plaintiff states that the initial estimate of 24.2 years includes people who have the same illnesses Walters does, and therefore the reduction to 13 years amounts to "double-counting" those illnesses. That argument does not make sense, because some of the people in the initial sample do not have those illnesses, which raises the average life expectancy of the sample relative to an individual who does have them. *See* Reynolds Declaration at 7-8 [DE 47-1] (addressing the "Fallacy of Division"). Dr. Reynolds acknowledged the possibility of "double-counting" because some of Walters's medical conditions were interrelated, although the 2009 COPD model attempts to control for that. He also indicated that there was a potential for the opposite effect, "undercounting," because some conditions can be more deadly when combined with each other. *Id.* at 9. Life expectancy is an estimate, not a prediction; the possibility of error does not make the method unreliable. *See* Motion to Exclude, Ex. 2 at 14 [DE 43-1] (explaining life expectancy); *see also Daubert*, 509 U.S. at 590 (holding that while scientific testimony must meet a "standard of evidentiary reliability," the subject does not need to be "'known' to a certainty").

Plaintiff points to several reasons why the estimate could have been higher if Dr. Reynolds had weighed certain factors differently, but ultimately does not show that his methodology is "unreliable" or that it must be excluded rather than addressed with contrary evidence and argument. "The critical point is that [the expert] employed a proper methodology . . . to rely on the test that he administered and upon the sources of information which he employed." *Walker*, 208 F.3d at 587; *see also Arroyo v. United States*, No. 07 C 4912, 2010 WL 1437925, at *12-13 (N.D. Ill. Apr. 2, 2010), aff'd, 656 F.3d 663 (7th Cir. 2011) (permitting an expert's testimony estimating life expectancy). Instead, Plaintiff may challenge Dr. Reynolds's opinion on cross-examination. *Daubert*, 509 U.S. at 596.

### III. Conclusion

For the reasons described above, the Court hereby **DENIES** Plaintiff's Motion to Exclude Opinion Testimony of Robert J. Reynolds [DE 43].

SO ORDERED this 5th day of December, 2019.

        s/ John E. Martin
        MAGISTRATE JUDGE JOHN E. MARTIN
        UNITED STATES DISTRICT COURT

cc:    All counsel of record